BUCKBEE MEARS COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 27791. Filed June 29, 1955.

*James S. Delehanty, Esq.*, for the petitioner.
*David H. Nelson, Esq.*, for the respondent.

**OPINION.**

RAUM, *Judge:* Petitioner bases its claims for relief under subsections (b) (2) and (5) of section 722 of the Internal Revenue Code of 1939. It has filed no proposed findings of fact or brief as provided under Rule 48 of our Rules of Practice, and we are, therefore, uninformed as to the specific facts and points of law on which petitioner

relies. In his opening statement to the Court, petitioner's counsel stated that during the base period years, 1936–1939, petitioner's business was depressed by reason of drought conditions existing in its trade area and, further, that its base period earning capacity was limited by a lack of capital.

Facts relating to the drought question, such as statistics on rainfall, crop production, farm income, etc., in petitioner's trade area, have been stipulated. We may assume that the facts of record show that a serious drought prevailed over much of the midwestern states, including some or all of petitioner's trade area, during the base period which seriously affected farm income and income payments to individuals in that area. We may assume, further, as this Court has previously determined, that these drought conditions may afford grounds for excess profits tax relief under section 722. See *S. N. Wolbach Sons, Inc.*, 22 T. C. 152. However, the taxpayer has the burden of showing how and to what extent its base period earnings were depressed by the drought and of establishing a reasonable basis for reconstructing base period earnings, with proper adjustments for the drought factor. See *Sartor Jewelry Co.*, 22 T. C. 773.

Petitioner has failed to meet its burden of proof. There is nothing in the evidence to show how its business was affected by the drought or to what extent, if any, it was dependent upon farm income. According to petitioner's profit and loss statements, its operating losses began in 1931 and were several times larger in that year and in 1932 (approximately $16,000 for 1931 and $14,100 for 1932) than in the 2 base period loss years. There was net income of approximately $4,800 in 1937 and $1,000 in 1939.

There is evidence that petitioner was handicapped by lack of operating capital in the base period years, but, again, we cannot find to what extent this actually diminished earnings. Petitioner has advanced no theory as to which of the provisions of section 722 might afford relief because of inadequate working capital.

On the record before us, the respondent's disallowance of excess profits tax relief under section 722 must be sustained.

Reviewed by the Special Division.

*Decision will be entered for the respondent.*